# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                          No. 1:18-CR-458-WJ

KENJA TRERON THOMAS,

    Defendant.

## MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S MOTION TO QUASH SUPERSEDING INDICTMENT

THIS MATTER comes before the Court upon Defendant's Motion to Quash Superseding Indictment, filed September 12, 2018 **(Doc. 36).** Having reviewed the parties' briefs and applicable law, the Court finds that the Defendant's Motion is not well-taken and, therefore, is **DENIED.**

## BACKGROUND

Defendant was indicted on February 14, 2018 for "unlawfully, knowingly, and intentionally possessed with intent to distribute a controlled substance, 500 grams and more of a mixture and substance containing a detectable amount of methamphetamine", in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A). On January 27, 2018, Defendant was traveling on a Greyhound bus that stopped in Albuquerque for a layover. DEA Special Agent Jarrell W. Perry boarded the bus and approached Defendant. The Government alleges that Defendant consented to speaking with Agent Perry, and consented to a subsequent search of his neck pillow. Agent Perry allegedly found bundles of methamphetamine in this neck pillow, apparently weighing .55 kilograms.

The Government argues that a subsequent lab test on August 1, 2018 indicated that the net weight of the substance was 443.8g, and the substance's purity is around 99%, with the weight of the resulting pure substance at 439.3g.  **Doc. 41.**  Defense counsel received the lab result on August 3, 2018, and was notified about the new superseding indictment on September 4, 2018.

A superseding indictment was filed on September 12, 2018. The only apparently change being a lowering of the amount charged from 500 grams to "50 grams and more of methamphetamine." **Doc. 35.**  Another arraignment is set for September 18, 2018, and trial is set for October 1, 2018.

## DISCUSSION

Defendant argues that the superseding indictment should be quashed, as he will be arraigned within thirty days of the trial, in violation of 18 U.S.C. § 3161(c)(2).  Section 3161(c)(2) provides that the "trial shall not commence less than thirty days from the date on which the defendant first appears through counsel…"

However, this thirty day period is not restarted upon the filing of a superseding indictment. *United States v. Rojas-Contreras*, 474 U.S. 231, 234–37, 106 S. Ct. 555, 557–58, 88 L. Ed. 2d 537 (1985) (section 3161(c)(2) does not prohibit a trial within 30 days of arraignment on a superseding indictment).  Defendant was originally arraigned on February 22, 2018.  Trial is not set until October 1, 2018.  This more than satisfies the requirements of § 3161(c)(2). Therefore, dismissal of the superseding indictment is not appropriate.  *United States v. Lopez*, 252 F. App'x 908, 914 (10th Cir. 2007) (denying motion to dismiss superseding indictment for violation of § 3161(c)(2), where superseding indictment was filed adding new charges seven days before trial).  Moreover, "in general [] a superseding indictment may be returned any time

before trial on the merits of an earlier indictment." *United States v. Smith*, 24 F.3d 1230, 1234 (10th Cir. 1994).

The appropriate remedy where Defendant thinks he is prejudiced or needs additional time to prepare is a continuance. *United States v. Lopez*, 252 F. App'x 908, 914 (10th Cir. 2007), *citing United States v. Rojas-Contreras*, 474 U.S. at 240–41 (Blackmun, J., concurring in the judgment) ("[A] continuance should be granted where there is a meaningful possibility that a superseding indictment will require an alteration or adjustment in the planned defense."), *and United States v. Smith,* 24 F.3d 1230, 1234–35 (10th Cir. 1994) (holding that there was no violation of defendant's Speedy Trial Act rights where the district court granted a continuance due to a superseding indictment returned five days before trial which added new charges based on "recently acquired information"), *and United States v. McKinnell,* 888 F.2d 669, 675–76 (10th Cir. 1989) (the proper remedy if the superseding indictment prejudices a defendant is a continuance), *abrogated on other grounds*, *United States v. Wacker,* 72 F.3d 1453 (10th Cir. 1995).

The district court "has broad discretion to grant a continuance where it is necessary to ensure trial counsel are adequately prepared." *United States v. Gore*, 129 F. App'x 709, 711 (3d Cir. 2005) (Defendant was not prejudiced when superseding indictment was filed 20 days before trial). The Court should grant a continuance if Defendant would be prejudiced or needs additional time to prepare because of changes in the superseding indictment. *United States v. Rojas-Contreras*, 474 U.S. 231, 234–37, 106 S. Ct. 555, 557–58, 88 L. Ed. 2d 537 (1985).

Defendant has not requested a continuance. At this time, it is unclear how Defendant is prejudiced by the changes in the superseding indictment, or why he would need additional time to prepare. The sole change in the superseding indictment was a reduction of the amount of

methamphetamine charged from 500 grams to 50 grams.  The Government did so to conform the indictment to the laboratory results.  Defense counsel knew about the lab results as early as August 3, 2018, and knew about a pending superseding indictment by September 4, 2018.  Moreover, it does not appear that the superseding indictment will materially change the proof to be put on at trial.

A pretrial/scheduling conference is already set for **September 24, 2018.**  If Defendant wishes to continue the trial, a Motion to Continue should be filed before the pretrial conference,[1] although counsel and the Defendant are hereby put on notice that even if a motion for continuance is not filed, the Court may have to move the trial from October 1 to the middle part of October.  Consequently, counsel should be prepared to discuss which days in October of 2018 that this case can be tried and how much time will be needed.

**THEREFORE,**

**IT IS ORDERED** that the Defendant's Motion to Quash Superseding Indictment **(Doc. 36)** is hereby **DENIED** for reasons described in this Memorandum Opinion and Order.

_____
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] The Motion to Continue should contain detailed facts and ends-of-justice findings as required under 18 U.S.C. § 3161(h)(7).