IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                                       No. 1:18-cr-00458 WJ

KENJA TRERON THOMAS,

    Defendant.

## MEMORANDUM OPINION AND ORDER GRANTING UNITED STATES' MOTION IN LIMINE TO EXCLUDE EVIDENCE OF PUNISHMENT OR SENTENCE

THIS MATTER is before the Court on the United States' Motion in Limine to Exclude any Reference to Punishment or Sentencing, filed on September 5, 2018 (**Doc. 31**). Having reviewed the United States' motion and applicable law, the Court finds that the Motion is well-taken and is, therefore, **GRANTED**.

The motion seeks to exclude any reference of the sentence or punishment (including statutory minimums) that might be imposed if Defendant is convicted. The United States argues that any such reference would be irrelevant, and prejudicial if presented to the jury.

The Court agrees. The sentence or punishment following a guilty verdict is not relevant to the jury's determination. *See* Tenth Cir. Criminal Pattern Jury Instr. 1.20 (2011) ("You should not discuss or consider the possible punishment in any way while deciding your verdict.").

"Unless a statute specifically requires jury participation in determining punishment, the jury shall not be informed of the possible penalties." *United States v. Parrish*, 925 F.2d 1293, 1299 (10th Cir. 1991) (sentence or punishment is "irrelevant to the jury's task") (overruled on other grounds); see also *United States v. Greer*, 620 F.2d 1383, 1385 (10th Cir. 1980) (noting

that absent a statutory requirement that the jury determine punishment, "nothing is left 'for jury determination beyond the guilt or innocence of an accused.'") (quoting *Chapman v. United States*, 443 F.2d 917, 920 (10th Cir. 1971)).  Moreover, allowing a jury to consider punishment invites jury nullification and is prejudicial.  *Crease v. McKune*, 189 F.3d 1188, 1194 (10th Cir. 1999); *Greer*, 620 F.2d at 1384-85 (presenting information to jury about possible sentence is prejudicial).

For these reasons, this motion **(Doc. 31)** is **GRANTED**.

**IT IS SO ORDERED**

_____
CHIEF UNITED STATES DISTRICT JUDGE