# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                                                No. 1:18-cr-00458 WJ

KENJA TRERON THOMAS,

    Defendant.

## MEMORANDUM OPINION AND ORDER GRANTING IN PART UNITED STATES' MOTION IN LIMINE TO EXCLUDE EVIDENCE OF DEFENDANT'S STATE OF MIND

THIS MATTER is before the Court on the United States' Motion in Limine to Exclude Evidence of State of Mind, filed on September 11, 2018 (**Doc. 32**). Having reviewed the United States' motion and the applicable law, the Court finds that the Motion is well-taken and is, therefore, **GRANTED IN PART**. If Defendant wishes to present evidence at trial as to any affirmative defense, defense counsel must present an offer of proof at the pretrial conference on **September 24, 2018.**

### BACKGROUND

Defendant is charged with possession with the intent to distribute 50 grams or more of methamphetamine, pursuant to 21 USC § 841(a)(1) and § (b)(1)(A). **Doc. 35.** A pretrial conference is set for **September 24, 2018**. In this motion the Government seeks to exclude certain state of mind evidence, and to exclude reference to any duress or necessity defense unless Defendant makes a sufficient proffer. **Doc. 32.**

### DISCUSSION

**I.**       **Irrelevant "State of Mind" Evidence is Excluded.**

The Government seeks to exclude evidence of certain reasons *why* Defendant trafficked narcotics, such as loss of job, financial or economic reasons, or the need to support his family, as these reasons are irrelevant and prejudicial. The Government does not seek to exclude any evidence that tends to go to the element of intent, or categorically exclude evidence of duress or necessity. Defendant argues that exclusion of this evidence violates his right to a fair trial under the Sixth Amendment.

"[H]owever, the right to present a defense is not without limits. The defendant's presentation of evidence is constrained by the twin prongs of relevancy and materiality. Simply stated, a criminal defendant does not have a constitutional right to present evidence that is not relevant and not material to his defense." *United States v. Solomon*, 399 F.3d 1231, 1239 (10th Cir. 2005) (internal citations and quotation marks omitted). "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. Irrelevant evidence is inadmissible. Fed. R. Evid. 402. Defendant does not explain how this evidence would make any fact pertaining to any element or defense more or less relevant.

To show possession with intent to distribute under 21 U.S.C. § 841(a)(1), the Government must prove beyond a reasonable doubt that "(1) the defendant knowingly possessed the illegal drug; and (2) the defendant possessed the drug with the specific intent to distribute it." *United States v. Carter,* 130 F.3d 1432, 1440 (10th Cir.1997). A large quantity of drugs may be sufficient evidence to infer the intent to distribute. *United States v. Triana*, 477 F.3d 1189, 1195 (10th Cir. 2007), *citing United States v. Pulido-Jacobo*, 377 F.3d 1124, 1131 (10th Cir. 2004) ("a jury may infer intent to distribute from the possession of large quantities of drugs.").

Here, the Government only seeks to exclude reasons why he trafficked drugs – not evidence bearing on whether he actually had the intent to traffic or whether he did so under duress or necessity. The Court concludes that such evidence is irrelevant, and therefore should be excluded under Fed. R. Evid. 402. Moreover, such evidence is likely to be so unfairly prejudicial as to outweigh any probative value. Fed. R. Evid. 403.

## II  Offer of Proof as to Affirmative Defenses.

The Government argues that Defendant must give an offer of proof prior to presenting any affirmative defense such as necessity or duress to the jury. The Court agrees.

Prior to trial, Defendant bears the burden of proffering testimony that meets a "minimum standard as to each element so that, if a jury finds it to be true, it would support an affirmative defense – here that of duress or necessity." *United States v. Bailey*, 444 U.S. 394, 398 (1980), *quoted in United States v. Portillo-Vega*, 478 F.3d 1194, 1201 (10th Cir. 2007) (affirming district court that rejected duress defense where the proffer failed to establish elements by a preponderance of the evidence); *cf United States v. Al-Rekabi*, 454 F.3d 1113, 1122–23 (10th Cir. 2006) ("To qualify for an instruction on an affirmative defense such as necessity a defendant must produce evidence of each element sufficient to warrant its consideration by the jury.").

A necessity or duress defense may be used to excuse an otherwise illegal act. *United States v. Saldivar-Munoz*, 439 F. App'x 730, 735 (10th Cir. 2011). To prove a duress defense, Defendant must establish that "(1) an immediate threat of death or serious bodily injury, (2) a well-grounded fear that the threat will be carried out, and (3) no reasonable opportunity to escape the threatened harm." *United States v. Portillo-Vega*, 478 F.3d 1194, 1197 (10th Cir. 2007). Similarly, to prove a necessity defense, Defendant must prove that "(1) there is no legal alternative to violating the law, (2) the harm to be prevented is imminent, and (3) a direct, causal

relationship is reasonably anticipated to exist between defendant's action and the avoidance of harm." *Saldivar-Munoz*, 439 F. App'x at 734–35 (citation omitted). Defendant must prove these defenses by a preponderance of the evidence, and the Government is not required to disprove them. *United States v. Al-Rekabi*, 454 F.3d 1113, 1122–23 (10th Cir. 2006)

A defendant is precluded from presenting an affirmative defense that lacks any evidentiary support. *See U.S. v. Fraser,* 647 F.3d 1242, 1245 (10th Cir. 2011) ("No one, after all, has a right under the Constitution or at common law to present evidence that is insufficient as a matter of law to establish any recognized defense").

The Court agrees with the Government that a proffer of evidence to support affirmative defenses of necessity and duress is an appropriate method in assisting the Court to determine whether Defendants should be able to raise these defenses at trial. Therefore, before Defendant may offer any evidence of duress or necessity, he must proffer such testimony through representations of counsel. Defense counsel should be prepared to give a proffer at the pretrial conference on **September 24, 2018.**

    **IT IS SO ORDERED**

_____
CHIEF UNITED STATES DISTRICT JUDGE