# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

————————————————

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                                      No. 1:18-cr-00458 WJ

KENJA TRERON THOMAS,

      Defendant.

## MEMORANDUM OPINION AND ORDER DENYING UNITED STATES' MOTION IN LIMINE TO EXCLUDE EVIDENCE OF "EMPTY CHAIR" DEFENSE

THIS MATTER is before the Court on the United States' Motion in *Limine* to Exclude Evidence of "Empty Chair" Defense, filed on November 7, 2018 **(Doc. 67)**, and certain requests in Defendant's response thereto, filed on November 16, 2018 **(Doc. 72)**. Having reviewed the United States' motion, the Defendant's response, and applicable law, the Court finds that the Motion and response are not well-taken and are, therefore, **DENIED**.

Defendant is accused of violating 21 USC §§ 841(a)(1) and (b)(1)(A), Possession with Intent to Distribute 50 Grams and More of Methamphetamine. In this motion, the Government seeks to exclude any evidence that another person *also* committed a crime that is submitted for the purpose of absolving Defendant of guilt.

Tenth Circuit Pattern Instruction 1.19 (2018) provides in part:

> It is not up to you to decide whether anyone who is not on trial in this case should be prosecuted for the crime charged. The fact that another person also may be guilty is no defense to a criminal charge.

> The question of the possible guilt of others should not enter your thinking as you decide whether this defendant has been proved guilty of the crime charged.

This instruction codifies the basic premise that evidence that another person may *also* be guilty is not relevant to whether the *Defendant* is guilty of the crime charged. *See United States v. Oberle*, 136 F.3d 1414, 1423 (10th Cir. 1998) (instruction "focused jurors on the task at hand: determining whether [defendant] was guilty of the February 23, 1996 robbery."), *cited in United States v. Arras*, 373 F.3d 1071, 1077 (10th Cir. 2004) ("In this case, as in *Oberle,* the court did not direct the jury to ignore the defense's cover-up theory when it gave an instruction indicating that the guilt of other people was not *relevant* to the guilt of defendants.") (emphasis added).

There are instances where evidence of another's guilty may become relevant. This includes when such evidence is used to provide an alibi or defense of mistaken identity, *see* Tenth Circuit Pattern Jury Instruction 1.19 (notes), or when used to show that someone else, *instead of* Defendant committed the crime. *United States v. Little*, 829 F.3d 1177, 1186 (10th Cir. 2016) ("At trial, [Defendant] argued that someone else was involved in storing the firearms on Blythe's property.").

However, it is impossible under these circumstances to determine whether any evidence is relevant. Neither party presented any particular evidence to examine, or argument on why that evidence would be relevant. Nevertheless, Defendant is on notice that the Court is likely to sustain a Government objection as to relevance that another person *also* committed a crime. In response to a Government objection, Defendant must show how such evidence is relevant.

Defendant argues that a jury instruction may not serve to block evidence at trial. *See United States v. Arellano*, No. CR 17-1229 RB, 2018 WL 2464492, at *8 (D.N.M. May 31, 2018) ("This jury instruction [Tenth Circuit Pattern Instruction 1.19], however, does not serve to block evidence or testimony at trial. Rather, the jury instruction is a tool the Court will use to advise the jury not to consider the guilt or innocence of others, including Mrs. Arellano."). The Court disagrees. The Court finds it is well within its discretion to exclude irrelevant evidence.

Finally, in his response, Defendant seeks to exclude any reference to acts of other people not charged in the indictment. The Government argues that evidence of the acts of other people is necessary to prove intent to distribute. The Court notes that Defendant did not include this request in any motion in *limine*, and Defendant did not provide any basis for excluding such evidence. Moreover, at this point the Court does not know what specific evidence the Government seeks to admit and under what theory that evidence would be admitted. Therefore, the Court declines, at this time, to rule on Defendant's request. At trial, if Defendant raises this objection again, he must be prepared to provide specific references to the rules of evidence or case law explaining why such evidence should be excluded.

For these reasons, this motion **(Doc. 67)** and the requests in Defendant's response thereto **(Doc. 72)** are **DENIED**.

**IT IS SO ORDERED**

_____

CHIEF UNITED STATES DISTRICT JUDGE