# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                                                                         No. 1:18-cr-00458 WJ

KENJA TRERON THOMAS,

    Defendant.

## MEMORANDUM OPINION AND ORDER GRANTING GOVERNMENT'S MOTION IN LIMINE TO EXCLUDE REFERENCES TO CONCLUSIONS REACHED IN *UNITED STATES v. EASLEY*.

THIS MATTER is before the Court on the Government's Motion in *Limine* to Preclude any Direct or Indirect reference to the conclusions reached in *United States v. Easley*, filed November 16, 2018 **(Doc. 73).** Defendant did not file a response.[1]

The Government requests that the Court prohibit any argument (1) referring to *United States v. Easley*, 293 F. Supp. 3d 1288 (D.N.M. 2018) or its conclusions; (2) referring to SA Perry's approach of introducing himself as an officer who is checking for security as "misleading"; (3) asserting that SA Perry's encounter with Defendant would make a reasonable person of color feel that they were not free to decline or terminate the encounter, and (4) asserting that SA Perry encounters passengers based on race.

**I.**    **Categories above are irrelevant**.

The Government argues that the above categories are irrelevant to any issue at trial. The Court agrees. Evidence is relevant if it "tends to make the existence of any fact" of consequence

---

[1] The deadline to file a response was November 30, 2018. **Doc. 66.** Defense counsel also indicated he does not intend to file a response.

to the determination of the action more probable or less probable than it would be without the evidence. Fed. R. Evid. 401; *United States v. Mendoza-Salgado*, 964 F.2d 993, 1006 (10th Cir. 1992).

Initially, the Court notes that while the above arguments may be appropriate for a motion to suppress, no motion to suppress or selective enforcement motion was filed. Legal arguments more suited to these motions have no place at trial, as they do not tend to make any fact of consequence to the determination of guilt or innocence more or less probable.

The Government seeks to exclude references to *United States v. Easley*, 293 F. Supp. 3d 1288 (D.N.M. 2018), in which the district court concluded that a person of color would feel coerced (and therefore seized) by SA Perry. After the Government filed this motion, the Tenth Circuit reversed *Easley*, reasoning that the race is irrelevant to the reasonable person Fourth Amendment seizure analysis. *United States v. Easley*, No. 18-2020, 2018 WL 6787561, at *5 (10th Cir. Dec. 26, 2018) ("We reject Ms. Easley's argument that we should consider subjective characteristics like race as part of our reasonable person analysis."). Therefore, that ground cannot be presented to the jury as a basis for acquittal. Moreover, legal conclusions from another case involving SA Perry are not appropriate topics before the jury. Finally, whether Defendant felt pressured to consent to the search is relevant to a motion to suppress, not to trial.

Moreover, Defendant has not said whether he will assert at trial that SA Perry targeted him because of his race. Whether Defendant was targeted because of his race is not relevant to any issue at trial.

The Government also seeks to exclude any reference to the fact that SA Perry was "misleading" when he said he was there for security or was a police officer. The Court agrees that this is irrelevant to any issue at trial. Both the Tenth Circuit and this Court have rejected arguments

that SA Perry was misleading on these grounds.  *United States v. Easley*, No. 18-2020, 2018 WL 6787561, at *4 (10th Cir. Dec. 26, 2018) ("It is not at all clear that such a statement rises to the level of a misrepresentation that would create a coercive environment."); *United States v. Fernandez*, No. 17-CR-3237-JAP, 2018 WL 4901214, at *5 (D.N.M. Oct. 9, 2018); *U.S. v. Jimenez*, Cr. No. 17-2381-JCH, 2018 WL 770385, *5 (D.N.M. Feb. 7, 2018).

II.     **Unfair prejudice under Fed. R. Evid. 403.**

Even if the statements and evidence above were relevant, any probative value is substantially outweighed by danger of unfair prejudice, confusing the issues, or misleading the jury.  Fed. R. Evid. 403.

Evidence is unfairly prejudicial if "it provokes an emotional response in the jury or otherwise tends to affect adversely the jury's attitude …wholly apart from its judgment" as to liability.  *United States v. Rodriguez*, 192 F.3d 946, 951 (10th Cir. 1999) (quoting *United States v. Roberts*, 88 F.3d 872, 880 (10th Cir. 1996)).  Here, the categories above would either provoke an emotional response by the jury, or adversely affect the jury's attitude, wholly apart from whether Defendant is guilty or innocent.

For the reasons stated above, the Government's motion is **GRANTED.**

**IT IS SO ORDERED**

                                                             CHIEF UNITED STATES DISTRICT JUDGE