**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                                  No. 1:18-cr-00458 WJ

KENJA TRERON THOMAS,

    Defendant.

## MEMORANDUM OPINION AND ORDER GRANTING IN PART GOVERNMENT'S MOTION IN LIMINE TO EXCLUDE EVIDENCE REGARDING THE MATTERS AND ALLEGATIONS IN *UNITED STATES V. GERARDO DE LA CAMPA RANGEL*

THIS MATTER is before the Court on the Government's Motion in *Limine* to Exclude Evidence Regarding the Matters and Allegations in *United States v. Gerardo de la Campa Rangel*, filed September 18, 2018 **(Doc. 51).**

The Government requests that the Court exclude all allegations from *United States v. Gerardo de la Campa Rangel* that SA Perry committed perjury. In that case, the Tenth Circuit abated an appeal to allow defendant Campa Rangel to file a 28 U.S.C. § 2255 on whether the Government knowingly relied on alleged perjured testimony by SA Perry. SA Perry allegedly committed perjury based on alleged discrepancies in two sworn statements. No judicial findings of perjury were made, and the matter was settled.

Defendant did not file a response, so it is unclear whether he intends to question SA Perry about the alleged perjury.[1] However, Defendant had previously filed a motion to compel certain *Giglio* discovery resulting from the *Campa Rangel* matter. **Doc. 38.** Since the Government agreed

---

[1] The deadline to file a response was November 30, 2018. **Doc. 66.** Defense counsel indicated he does not intend to file a response.

to search the DEA personnel files for *Giglio* information, the Court granted the motion to compel in part. **Doc. 64.**

Generally, "extrinsic evidence is not admissible to prove specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness." Fed. R. Evid. 608(b). However, the Court "may, on cross examination, allow" specific instances of a witness' conduct "to be inquired into if they are probative of the character for truthfulness or untruthfulness." Fed. R. Evid. 608(b). "Such inquiry is within the discretion of the trial court subject to rule 403." *United States v. Morales–Quinones*, 812 F.2d 604, 613 (10th Cir. 1987). "[P]arties may only introduce specific instances by asking the witness on cross-examination about the incident, not by introducing documents or calling other witnesses." *United States v. Beltran-Garcia*, 338 F. App'x 765, 770 (10th Cir. 2009), *citing United States v. Velarde,* 485 F.3d 553, 561 (10th Cir. 2007). "Though Rule 608 does not explicitly specify how the trial court should exercise its discretion, the discretion must be exercised within the ambit of the other rules of evidence, including Rules 401, 402, and 403, which address the relevance and probative value of possible evidence." *United States v. Beltran-Garcia*, 338 F. App'x 765, 770 (10th Cir. 2009), *citing United States v. Whitmore,* 359 F.3d 609, 619 (D.C. Cir. 2004).

Thus, even if evidence is admissible under Rule 608(b), it may still be excluded under Rules 401, 402 and 403. *See United States v. Beltran-Garcia*, 338 F. App'x 765, 770 (10th Cir. 2009) (although alleged misrepresentations by officer was Rule 608(b) material, it was properly excluded under Rule 403). Credibility is generally at issue once a witness takes the stand, and therefore extrinsic matters bearing on the truthfulness of a witness may be relevant in certain circumstances. *United States v. Schuler*, 458 F.3d 1148, 1155 (10th Cir. 2006).

However, at this point, the probative value of this impeachment evidence appears to be slight. There is no evidence that the perjury allegations were true. Moreover, the perjury allegations are twelve years old, which lessens its probative value. Since then, SA Perry has testified credibly in numerous cases before this Court.

Moreover, raising at trial unsubstantiated, extrinsic perjury allegations that occurred twelve years ago is likely to cause unfair prejudice or risk misleading the jury. A mini-trial on extrinsic matters could confuse the jury. Therefore, the Court finds that it appears, right now, that the probative value of this FRE 608(b) evidence is substantially outweighed by the danger of unfair prejudice, misleading the jury, or confusing the issues.

However, the Court notes that this ruling is made without the benefit of Defendant's argument. The Court therefore does not know what Defendant's proposed questions at trial might be. Generally, the Court limits disruptions during jury trials caused by disputed legal matters that could have been addressed well before trial. Therefore, if Defendant seeks to question SA Perry at trial on the *Campa Rangel* matter, he must make such showing of admissibility, by either an offer of proof or questioning of SA Perry, at the pretrial conference set for **January 10, 2019** at **9:00 a.m.** *See, e.g., United States v. Beltran-Garcia*, 338 F. App'x 765, 772 (10th Cir. 2009) (court could have allowed questioning of witness outside presence of jury to see if answers confirmed that questions reflected on witness' character for truthfulness), *citing United States v. Crowley,* 318 F.3d 401, 417–18 (2d Cir. 2003).

Therefore, the Government's Motion is **GRANTED IN PART** and **DENIED IN PART**. Because it appears that Defendant does not object or oppose exclusion of the evidence, and the Government has otherwise shown that the evidence should be excluded, questions regarding the *Campa Rangel* matter will be excluded at trial. However, the Court will grant Defendant an

opportunity to show that the evidence is admissible at the pretrial conference on **January 10, 2019**

**at 9:00 a.m.**

**IT IS SO ORDERED**

_____
CHIEF UNITED STATES DISTRICT JUDGE